Town of North Hempstead, Plaintiff, *v.* Public Service Corporation of Long Island, Defendant. Action No. 6.

(Supreme Court, Nassau Special Term for Motions, October, 1921.)

Injunctions — gas companies — service charge — power of public service commission — Transportation Corporations Law, § 66.

In April, 1921, the defendant operating under a gas franchise which provided that defendant should furnish and connect all meters free and should not make a "minimum" charge to any consumer for gas actually used, as the individual meter might indicate, was authorized by an order of the public service commission to make a monthly service charge of eighty-five cents for each meter, in addition to a maximum rate for furnishing gas in the town, etc. *Held,* that such "service charge" was not a rental charge, and not in contravention of section 66 of the Transportation Corporations Law.

The public service commission did not exceed its power in fixing such "service charge" and in an action brought by the town to enjoin the collection of the same, a motion for an injunction *pendente lite* will be denied.

Motion for an injunction *pendente lite.*

Dowsey & Parsons, for plaintiff.

E. Lyndsey Bourke, for defendant.

Squiers, J. This action is brought in equity for judgment enjoining the defendant from collecting from the consumers of gas in the town of North

**586** Town of North Hempstead *v.* Pub. Serv. Corp.

Supreme Court, October, 1921. [Vol. 116.

Hempstead a " service charge," during the life of the franchise under which the defendant corporation is operating, and enjoining the defendant from cutting off or refusing to furnish gas to any consumer of gas because of the failure or refusal of such consumer to pay the " service charge " and other kindred relief. The plaintiff makes this motion in the action for an injunction *pendente lite* in harmony with the demand for relief in the complaint. It appears that on the 23d of April, 1912, the town of North Hempstead, through its official board, granted to the defendant a consent to maintain and operate gas mains within the town of North Hempstead. This consent was accepted by the defendant and thereby became the franchise under which the defendant has since operated. The franchise was to run for a period of fifty years. The franchise provided in the 8th clause thereof a rate of one dollar and fifty cents per 1,000 cubic feet for the first 5,000 cubic feet, and for each additional 1,000 cubic feet above 5,000 there was a rate on a sliding scale. The franchise also at the end of the 11th paragraph contained the following provision: " The grantee (The Public Service Corporation of Long Island) shall furnish and connect all meters free and shall not make a ' minimum ' charge to any consumer for gas actually used by such consumer as the individual meter may indicate."

Heretofore a proceeding was had before the public service commission of the second district upon the complaint of the defendant corporation, and upon the hearings by the public service commission the plaintiff herein appeared. This proceeding resulted in the issuance of an order on the 5th day of April, 1921, which contained among other provisions the following: " Ordered that the Public Service Corporation of Long Island be and it is hereby authorized to

Town of North Hempstead *v.* Pub. Serv. Corp. **587**

Misc.] Supreme Court, October, 1921.

charge as a maximum price for gas furnished by it within the Town of North Hempstead * * * in the County of Nassau, State of New York, at the rate of $1.65 per thousand cubic feet with a discount of ten cents per thousand cubic feet upon monthly bills whenever such bills shall be paid within ten days from the date hereof, together with a monthly service charge of eighty-five cents for each meter."

The plaintiff by its action in equity contends that the public service commission had no authority in law and was without jurisdiction to make the order fixing the " service charge " of eighty-five cents, and urges this strenuously upon the motion for the injunction *pendente lite.* The plaintiff urges that the said " service charge " is contrary to the provision of the franchise hereinbefore cited, and also to section 66 of the Transportation Corporations Law, which provides: " No gas light corporation in this state shall charge or collect rent on its gas meters, either in a direct or indirect manner * * *."

It urges that the " service charge " of eighty-five cents is in reality a rental charge, and, therefore, in contravention of the section of the statute referred to. It is conceded by the plaintiff notwithstanding the provision in the franchise as to the rate of one dollar and fifty cents that the Public Service Corporation under the law had legal authority and jurisdiction to fix a rate that in its judgment was reasonable whether it was one dollar and sixty-five cents or two dollars and fifty cents per 1,000 cubic feet. Therefore we need not comment further upon the provision in the franchise. It would seem upon casual consideration that there was much force in the contention of the plaintiff that the " service charge " was really a rental charge. Section 66, subdivision 5, of the Public Service Commissions Law reads as follows: " * * *

Whenever the commission shall be of opinion, after a hearing had upon its own motion or upon complaint, that the rates or charges or the acts or regulations of any such person, corporation or municipality are unjust, unreasonable, unjustly discriminatory or unduly preferential or in anywise in violation of any provision of law, the commission shall determine and prescribe the just and reasonable rates and charges thereafter to be in force for the service to be furnished notwithstanding that a higher rate or charge has heretofore been authorized by statute. * * *.''

Also section 72 of the Public Service Commissions Law reads: " * * * After a hearing and after such an investigation as shall have been made by the commission or its officers, agents, examiners or inspectors, the commission within lawful limits may, by order, fix the maximum price of gas or electricity not exceeding that fixed by statute to be charged by such corporation or person, for the service to be furnished. * * *.''

The court after consideration of the facts as disclosed by the papers on this motion and the law just cited, giving particular attention to the language thereof, is of the opinion that the public service commission did not exceed its powers in fixing the " service charge " of eighty-five cents in addition to the one dollar and sixty-five cent rate and holds that the same was not a rental charge, and therefore not in contravention of section 66 of the Transportation Corporations Law.

The motion for an injunction *pendente lite* is, therefore, denied.

Motion denied.